IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LAKEISHA J. CRYE                                                          PLAINTIFF

v.                                                CIVIL ACTION NO. 3:25-CV-192-SA-JMV

THE UNIVERSITY OF MISSISSIPPI                               DEFENDANT

ORDER

On May 19, 2025, Lakeisha J. Crye, proceeding *pro se*, initiated this civil action by filing her Complaint [1] against The University of Mississippi in the United States District Court for the Southern District of Mississippi. The case has since been transferred to this Court. *See* [13]. Now before the Court is the University's Motion to Dismiss [6] based upon Crye's failure to properly serve the University with process.

Generally speaking, Crye's grievance is that the University discriminated against her when she was not selected for an Instructor of Sociology position for which she applied. She contends that the University's hiring decision violated Title VII of the Civil Rights Act of 1964.

After filing suit, Crye attempted to serve process on the University by mailing a copy of the summons to the office of the University's general counsel. As noted previously, the University has moved for dismissal based upon improper service of process.

In pertinent part, Rule 4(j) of the Federal Rules of Civil Procedure provides as follows:

(2) STATE OR LOCAL GOVERNMENT. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

    (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

    (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2).

The language of the Rule is clear. In addition to delivering a copy of the summons and the complaint to the chief executive officer, a plaintiff may effectuate service in any manner prescribed by state law. The Mississippi Rules of Civil Procedure permit service of process via certified mail only for persons "outside this state[.]" MISS. R. CIV. P. 4(c)(5). In other words, "the certified mail procedure is not available to serve a person within the state." *Hadley v. FedEx Ground Package Sys. Inc.*, 363 So. 3d 836, 840 (Miss. Ct. App. 2019) (quoting *Triple C Transp. Inc. v. Dickens*, 870 So.2d 1195, 1198-99 (Miss. 2004)); *see also Tarver v. Mims*, 2020 WL 1238170, at *4 (N.D. Miss. Mar. 13, 2020) ("Plaintiff's attempted service of [Defendant] [via certified mail] was improper under Mississippi law because he attempted to serve an in-state defendant using a method specifically reserved for out-of-state defendants.").

Applying Rule 4(j), Crye's attempt to serve the University's general counsel by certified mail is clearly improper. The University's general counsel is not the chief executive officer and certified mail is nonetheless impermissible for serving an in-state defendant.

Despite Crye's failure in this regard, the Court notes her status as a *pro se* litigant. This Court has on numerous occasions expressed that *pro se* litigants should be extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Balancing those interests, the Court finds it appropriate to provide Crye a limited amount of time to appropriately complete service of process. In reaching this conclusion, the Court notes that this case was only filed on May 19, 2025. Thus, not even 60 days have passed. And Crye has clearly made efforts to prosecute the case—she simply failed to complete service *properly*.

In light of the foregoing, the Court hereby grants Crye 60 days from today's date to properly complete service of process on the University. In extending her time to complete service of process, the Court advises Crye that it is *her* obligation—not the Court's or defense counsel's obligation—to ensure that she effectuates service of process in a manner consistent with the applicable Rules of Civil Procedure.

*Conclusion*

The University's Motion to Dismiss [6] is DENIED. Crye's Motion for Extension of Time [10] is DENIED AS MOOT. As noted previously, it is Crye's obligation to complete service of process in a manner consistent with the Rules of Civil Procedure within 60 days of today's date. Failure to do so will result in dismissal of the case.

SO ORDERED, this the 8th day of July, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE